IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

KEVIN C. BULLOCK,
    Petitioner,

v.                                                       Civil Action No. 3:15-cv-00077-JAG

GREGORY HOLLOWAY,
    Respondent.

## OPINION

Kevin C. Bullock filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "§ 2254 Petition"). In it, Bullock raises two grounds for relief: (1) ineffective assistance of counsel for his counsel's failure to object to certain evidence at sentencing and (2) ineffective assistance of counsel for his counsel's failure to inform him about a plea offer from the government. The respondent moves to dismiss the § 2254 Petition. Because Bullock did not file his petition within the statute of limitations, the Court GRANTS the motion and DISMISSES Bullock's petition.

## I. BACKGROUND

On May 29, 2012, Bullock pled guilty to aggravated malicious wounding in the Circuit Court of the City of Virginia Beach (the "Circuit Court"). On September 10, 2012, the Circuit Court held his sentencing hearing, at which Bullock's counsel objected to some pieces of evidence, but not to others. The Circuit Court sentenced Bullock to 35 years in prison, entering the final order on September 19, 2012. Bullock timely appealed to the Court of Appeals of Virginia (the "Court of Appeals"). On May 31, 2013, the Court of Appeals denied his appeal, and granted his counsel's motion to withdraw, stating that Bullock "is representing himself on any further proceeding or appeal." *Bullock v. Commonwealth*, No. 1834-12-1 (Va. Ct. App.

Sept. 15, 2014). On May 9, 2014,[1] Bullock filed a pro se petition for writ of habeas corpus with the Circuit Court. On September 15, 2014, the Circuit Court denied his petition.

In November 2014, Bullock retained his present counsel to represent him in connection with the § 2254 Petition. "After reviewing a packet of materials provided to counsel by members of Petitioner's family, present counsel sent Petitioner a letter on November 14, 2014 with certain questions pertaining to Petitioner's knowledge of a plea offer that was presented to Petitioner's previous counsel." (Pet'r's Mem. Supp. § 2254 Pet. 2.) This plea offer came in the form of an email, dated March 28, 2011, from the government to Bullock's former counsel. In the email, the government offered a sentence of "20 years in prison." (*Id.* at Ex. 1.) Bullock states in a sworn affidavit that he "first learned of the plea agreement . . . when [he] was asked about it by [his] current attorney . . . in a letter dated November 14, 2014." (*Id.* at Ex. 2.) On January 27, 2015, Bullock, through counsel, filed the § 2254 Petition.

## II. DISCUSSION

A person in state custody must file his petition for writ of habeas corpus in federal court one year from the triggering date. 28 U.S.C. § 2244(d)(1). Congress provided multiple options for triggering dates, the latest of which applies. *Id.* "[T]he date on which the judgment [of the state court] became final by the conclusion of direct review or the expiration of the time for seeking such review" could trigger the limitation period. *Id.* at § 2244(d)(1)(A). In Virginia, a criminal defendant must appeal to the Court of Appeals "within 30 days after entry of final judgment." Va. Sup. Ct. R. 5A:6(a). An appeal from a decision of the Court of Appeals to the Supreme Court of Virginia must happen "within 30 days after entry of final judgment or order

---

[1] The records from the Circuit Court include a copy of Bullock's petition stamped "FILED" on May 28, 2014. The final order of the Circuit Court dismissing this petition, however, states that Bullock filed the petition on May 9, 2014. The Court gives Bullock the benefit of the more favorable date.

2

denying a timely petition for rehearing." Va. Sup. Ct. R. 5:14(a). When the deadline to file a notice of appeal falls on a Saturday, Sunday, or legal holiday, the deadline moves to "the next day that is not a Saturday, Sunday, [or] legal holiday." Va. Code Ann. § 1-210.

Alternatively, as relevant in this case, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" could trigger limitation period. 28 U.S.C. § 2244(d)(1)(D). Whether a petitioner has exercised due diligence requires a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "'Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.'" *Anjulo–Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." *Id.* Nevertheless, "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), *as amended* (Jan. 22, 2001). Moreover, in evaluating a petitioner's diligence, the Court keeps in mind that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Whatever the triggering date, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, the filing of a habeas petition in state court tolls the one-year limitation period during the pendency of that petition. Further, "a petitioner is entitled to

3

equitable tolling . . . if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citation omitted). The petitioner bears the burden of establishing grounds that warrant equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In this case, assuming the conclusion of direct review of his conviction triggered the one-year limitation period, Bullock timely appealed his conviction to the Court of Appeals, who denied his appeal on May 31, 2013. Bullock had thirty days to appeal to the Supreme Court of Virginia, or until June 30, 2013. June 30, 2013 fell on a Sunday, so Bullock's time for seeking direct review expired on July 1, 2013. Bullock did not file an appeal, so the one-year statute of limitation period began to run on the next business day, July 2, 2013. Three hundred and eleven days later, on May 9, 2014, Bullock filed his state habeas petition, tolling the one-year limitation period. The Circuit Court dismissed the petition on September 15, 2014, leaving Bullock with fifty-four more days—or until November 10, 2014[2]—to file his federal habeas petition. Bullock did not file the § 2254 Petition until January 27, 2015, well outside of the one-year limitation period.

Bullock argues that the true triggering date in this case came "on or about December 5, 2014," "the date on which the factual predicate of one of his claims presented." (Pet'r's Br. Opp'n 1.)[3] Bullock further states, "it was not possible for present counsel to know whether Petitioner was ever made aware of the existence of any plea offer until Petitioner affirmatively

---

[2] Fifty-four days actually lands on a Sunday, so the deadline extends to the next business day, Monday, November 10, 2014.

[3] This argument comes from Bullock's Brief in Opposition to the respondent's original motion to dismiss, which the Court denied with leave to amend on April 30, 2015. (*See* Dk. No. 12.) The respondent renewed his motion to dismiss on June 30, 2015. (Dk. No. 14.) Bullock did not file a response to the respondent's renewed motion, despite ample time to do so.

responded that he in fact had never been made aware of any plea offer." (*Id.*) As an initial matter, this argument fails outright for Bullock's first claim, ineffective assistance of counsel for his sentencing counsel's failure to object to certain evidence at sentencing. Bullock knew on the date of the sentencing hearing, September 10, 2012, whether his counsel did or did not object to the introduction of certain evidence.

As to his second claim—ineffective assistance of counsel for his counsel's failure to inform him about a plea offer from the government—the triggering date is not when his current counsel knew of the factual predicate for the habeas claim, but when the factual predicate "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Bullock has not sustained his burden of showing due diligence, as the March 2011 email containing the plea offer came from materials provided to current counsel by Bullock's family. If Bullock's family had a copy of this March 2011 email to give to Bullock's current counsel, with reasonable efforts, Bullock certainly could have discovered the same email copy by searching the files in his family's possession.[4] Further, the fact that Bullock "did not know that the failure of [his] trial counsel to inform [him] of the plea agreement was tantamount to ineffective assistance of counsel" does not change the outcome, as "[t]ime begins when the prisoner knows (or through diligence could discover) the important *facts*, not when the prisoner recognizes their legal significance." *Owens*, 235 F.3d at 359 (emphasis added). Consequently, because Bullock did not exercise due diligence in discovering the factual predicate for his second claim in the § 2254 Petition, he cannot use the proposed December 4, 2014 date as a triggering

---

[4] Indeed, Bullock may have already known about the plea offer. (*See* Resp't's Br. Supp. Renewed Mot. Dismiss Ex. 1, at 5 (attaching a letter from Bullock to his then-counsel dated November 10, 2011, in which Bullock wrote "[w]hen we last spoke it was pertaining to me accepting a plea bargain"). Nevertheless, the Court need not weigh this letter about Bullock's current affidavit, as Bullock could have discovered the March 2011 email with due diligence.

date for the limitation period.[5] And, as previously discussed, using the fall-back triggering date of the conclusion of his direct appeal, Bullock filed the § 2254 Petition out of time.

### III. CONCLUSION

For these reasons, the Court GRANTS the respondent's motion to dismiss the § 2254 Petition as barred by the statute of limitations. The Court DISMISSES the § 2254 Petition and DENIES a certificate of appealability.[6]

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 1/13/16
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[5] Any argument for equitable tolling fails for the same reason, lack of due diligence in pursuing his rights. *See Holland*, 560 U.S. at 649.

[6] A petitioner cannot appeal the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Bullock fails to meet this standard.